UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANTOS RENE FLORES,

Plaintiff,

v.

S. FLORES, et al.,

Defendants.

Case No. 1:14-cv-00577-MJS (PC)

**ORDER (1) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 23), AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 18)**

**CLERK TO CLOSE CASE**

## I. PROCEDURAL HISTORY

Plaintiff Santos Rene Flores is a state prisoner proceeding in forma pauperis in this civil rights action filed under 42 U.S.C Section 1983. The action proceeds on Plaintiff's Eighth Amendment Excessive Force claims against Defendants Sumaya, Miller and Flores and on his First Amendment Retaliation claims against Sumaya, Juarez, Miller and Bell. (ECF No. 1.) All Defendants but Flores have waived service and appeared. (ECF Nos. 16, 17 & 18.) The summons for Defendant Flores has been returned unexecuted. (ECF No. 20.) He has not appeared.

When the action was initiated on April 21, 2014, Plaintiff was proceeding pro se. On June 11, 2014, attorney Mark W. Kelsey substituted in as attorney of record for Plaintiff. (ECF No. 13.) All Defendants who have appeared are represented by Diana Esquivel of the Office of the Attorney General for the State of California.

Plaintiff consented to Magistrate Judge jurisdiction for all purposes under 28 U.S.C. Section 636(c)(1) on May 21, 2014 (ECF No. 7), and Defendants did so on September 2, 2014 (ECF No. 17).

On September 2, 2014, Defendants moved to dismiss the action on the ground it was not initiated within the time allowed under the statute of limitations. (ECF No. 18.) Plaintiff filed an opposition on September 26, 2014 (ECF No. 21) and Defendants filed a reply (ECF No. 22) and a request for judicial notice (ECF No. 23) on October 3, 2014. The motion was deemed submitted without oral argument on October 6, 2014 (ECF No. 24) and now stands ready for decision.

## II. RELEVANT PLEADING FACTS

The allegations in Plaintiff's Complaint, sections 3, 4 and 5, are summarized for present purposes:

On August 31, 2004, Plaintiff was transferred from one yard at Corcoran State Prison to another. Defendant Sumaya met with him to explain the rules of the new facility. Sumaya became hostile when he concluded Plaintiff was not answering questions honestly. He left, but threatened to return.

That night Sumaya returned and instructed Plaintiff to strip naked for a body search, turn away, bend at the waist, and lean against the wall. Sumaya rubbed his genitals against, and fondled, Plaintiff's bare buttocks. He threatened to have Plaintiff killed if Plaintiff told anyone

On January 9, 2005, Defendant Sumaya returned under the guise of needing to conduct a routine body search. Plaintiff was instructed to strip and squat. Sumaya penetrated Plaintiff's anus with a baton for several minutes. He then placed Plaintiff in a choke hold and threatened him if he said anything about the incident.

Sumaya attacked Plaintiff again on February 25, 2006. He forced him to strip, kneel, and perform oral sex on Sumaya. Sumaya then sodomized Plaintiff. Defendant Sumaya again warned Plaintiff to keep quiet.

Defendants Juarez, Miller, and Bell later visited Plaintiff and threatened him with death and other unspecified harm if he pursued an inmate grievance regarding the assault. Soon afterwards Miller and Flores returned and ordered Plaintiff to strip. His hands were cuffed behind his back. Defendants Miller and Flores engaged in oral sex and then intercourse with each other. Plaintiff was forced to watch and then swallow Defendant Flores' bodily fluid. Plaintiff has since tested positive for Hepatitis C.

## III. MOTION TO DISMISS

### A. Summary of Defendants' Argument

Defendants have moved to dismiss on statute of limitations grounds. They note that Sumaya's alleged sexual abuses and threats against Plaintiff occurred on August 31, 2004, January 9, 2005 and February 25, 2006. The other three Defendants "later" reinforced the threats and "soon after" perpetuated their own form of sexual abuse on Plaintiff.

They argue , in effect, that the last wrongful act occurred on February 25, 2006, or "soon after", and that given the applicable (California) two year statute of limitations on such claims and the two years tolling of that limit for prisoners like Plaintiff, Plaintiff had until February 25, 2010, or "soon after" to sue. Since he did not file his suit until April 21, 2014, it is time barred.

### B. Summary of Plaintiff's Opposition

Notwithstanding the uncertainty of the "later" and "soon afterwards" language in his Complaint, Plaintiff, to his credit, "concedes that absent some form of tolling of the statute of limitations, this action is time barred." (Plaintiff's Opposition, p. 4, ll. 27-28.)[1]

However, Plaintiff argues that the particular circumstances of his case call for such tolling: He argues he has only a limited education and literacy in Spanish and none in English and so depends on other prisoners to help seek redress for the civil rights violations he has endured. (Id., p. 3.) When he attempted to seek redress in

[1] As will be noted below, judicially noticed pleadings in a companion case leave it clear that the complained-of acts occurred well more than four years before the filing of Plaintiff's Complaint in this case.

2004 and 2005, disciplinary action was taken against him, and he was intimidated against pursuing his claims. (Id.) More importantly, he attributes severe mental health problems to the abuse he complains of. (Id.) He argues that there is a "direct causal link" between Defendants' physical abuse and his ensuing mental health problems which caused prison doctors to administer "an ever-changing cocktail of psychotropic medications" which have left him "incapable of transacting business or understanding his rights." (Id., p. 4.)

Plaintiff refers the court to "[v]oluminous medical records"[2] from prisons in which he has been housed as evidence of severe head trauma, auditory hallucinations, and other symptoms of paranoid-schizophrenia or "other severe mental illness". (Id., p 6.) His ability to comprehend his own situation was not restored until early 2014. (Id.)

The foregoing is argument and there is nothing in the evidence or otherwise before the Court to support such argument. The only reference to mental impairment in the Complaint is Plaintiff's claim he "began to deteriorate mentally" because of Defendants' actions.

**C. Defendants' Reply**

Defendants' respond to Plaintiff's incapacity claims by asking the Court to judicially notice a companion case, Flores v. Sumaya, No. 1:07-cv-00853-GSA (E.D. Cal.). They argue that the actions taken by Plaintiff in that case during the period at issue here reflect he was quite capable of transacting business and understanding his rights.

That case was filed on June 13, 2007, after the last assault which is a subject of Plaintiff's complaint here and within four years of the first assault which is a subject of the present complaint.

[2] No such medical records are incorporated into the Complaint or otherwise properly brought before the Court. However, for reasons discussed below, even if they reflect exactly what Plaintiff describes, their presence would not change the results of this motion.

## IV. APPLICABLE LAW

### A. Motion to Dismiss

A motion to dismiss may be filed on the grounds that a complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, id. at 678, and all reasonable inferences must be drawn in favor of the non-moving party, Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998. However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

A statute of limitations defense may be raised in a motion to dismiss if it is apparent from the face of the complaint. Seven Arts Filmed Entm't Ltd. v. Content Media Corp., PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). However, a motion to dismiss on statute of limitations grounds may be granted only if the claims, read in the light most favorable to Plaintiff, would not permit Plaintiff to show the statute had been met or tolled. Jablon v Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

### B. Statute of Limitations

No statute of limitations is set out in 42 U.S.C Section 1983. This Court shall apply California's two year statute of limitations on a personal injury claim, such as this, which arose in this state. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007);

Maldonado v Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. Id. at 537-39.

**C. Tolling**

California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years while the Plaintiff is imprisoned for a term less than life in prison.

California Code of Civil Procedure Section 352(a) provides that if a Plaintiff lacks legal capacity to make decisions when his cause of action accrues, the period of his disability is excluded from the time within which the action must be commenced. This tolling provision has been held applicable to one who is incapable of caring for his or her property or transacting business, or understanding the nature or effects of his or her acts. Tzolov v. Int'l Jet Leasing, Inc., 283 Cal. Rptr. 314, 315 (Cal Ct. App. 1991).

Under California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). Thus, it may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhaustion before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008). Equitable tolling is available where there is timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of Plaintiff. Id. However, equitable tolling does not apply where Plaintiff pursues successive claims in the same

forum. Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App. 1998).

## V. ANALYSIS OF FACTS AND LAW

### A. Statute of Limitations

Plaintiff has conceded that absent equitable tolling, his Complaint, filed over four years after the latest alleged 1983 violation upon which he wishes to sue, is untimely. The two year limitation in California Code of Civil Procedure Section 335.1, considered with Section 352.1's two year tolling due to Plaintiff's imprisonment, dictate that Plaintiff have initiated his claim for the initial alleged August 31, 2004, assault not later than August 31, 2008; not later than February 25. 2010, for the most recent, February 25, 2006, assault and "soon after" February 25, 2010, for the alleged latest act of retaliation. His Complaint was not filed until April 21, 2014. These conclusions flow directly from the face of the Complaint.

In response to Defendants' motion to dismiss, Plaintiff argues however that the Court should also toll the statute of limitations because the attacks giving rise to the Complaint and the medical treatments necessitated by them left him incompetent in the sense that, at least until 2014, he was incapable of taking care of his property, transacting business, or understanding the nature or effect of his acts, and could not seek, obtain, maintain and supervise or even communicate with someone who might help him attend to such affairs.

No such facts are alleged in the Complaint. In that vein it alleges only that the acts complained of caused Plaintiff to "deteriorate mentally." Plaintiff argues that such a statement puts the mental capacity issue on the table for tolling purposes and prevents granting of this motion to dismiss on statute of limitations grounds. Further, Plaintiff argues that "voluminous medical records," not described in the pleadings nor otherwise properly before the Court, exist which would support the claim of incapacity and justify tolling.

The Court need not and will not resolve whether the pleading allusion to mental deterioration is sufficient, with or without consideration of the alleged medical records, to raise the specter of tolling at least enough to grant Plaintiff, now aided by counsel, the opportunity to more fully and properly allege tolling facts in an amended pleading. This is because other facts properly before the Court clarify that Plaintiff does not and cannot meet the criteria for statutory tolling based on legal incapacity.[3]

**B. Judicially Noticed Facts from Case Number 1:07-cv-0853.**

Defendants' reply brief responds to Plaintiff's argument for tolling by asking the Court to take judicial notice of the Complaint and Docket in Flores v. Sumaya, No. 1:07-cv-00853-GSA (E.D. Cal), the "First Flores Case" or "1-7-853."

Federal Rule of Evidence 201 authorizes the Court to judicially notice facts not subject to reasonable dispute, including court records, because they may be accurately determined from sources whose accuracy cannot reasonably be questioned. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). This includes the Court's own records. Id. Such notice is mandatory where the requesting party supplies the information to be noticed to the Court. FRE 201(c)(2).

The record in the First Flores Case presented to the Court appearing to be the proper subject of judicial notice and no timely request for an opportunity to be heard on the propriety of judicially noticing it having been made, FRE 201(e), Defendants' request is granted and the record in 1-7-853 is judicially noticed.

The Docket and Complaint in that case reflect that Plaintiff caused the Complaint to be filed in the Northern District of California on May 8, 2007. (Case 1-7-853, ECF No. 1.) It was transferred to this District with Plaintiff's application to proceed IFP on June

[3] Plaintiff also argues he is entitled to equitable tolling under federal law on the basis of mental incapacity. However, the cases Plaintiff relies on involve habeas petitions, and the tolling doctrine therein derives specifically from Antiterrorism and Effective Death Penalty Act of 1996, and principles applicable to criminal proceedings. E.g., Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010); Calderon v. United States, 163 F. 3d 1092 (9th Cir. 2010). Plaintiff provides no authority for extending this tolling doctrine to civil cases, and the Court finds none. Moreover, even if applicable, Plaintiff cannot meet the criteria for federal equitable tolling based on mental incapacity for the same reasons discussed below.

13, 2007. (1-7-853, ECF Nos. 1 & 2.) On July 5, Plaintiff filed a notice of his consent to Magistrate Judge jurisdiction for all purposes. (1-7-853, ECF No. 5.)

Plaintiff then filed a First Amended Complaint on August 11, 2008. (1-7-853, ECF No. 11.) On June 17, 2009, he responded to directions form the Court (1-7-853, ECF No. 12) and submitted four copies of a Summons and Complaint for service (1-7-853, ECF No. 14.). On August 27, 2009, he filed a motion with the Court to appoint counsel. (1-7-853, ECF No. 18.)

On September 21, 2009, Plaintiff moved to amend his First Amended Complaint (1-7-853, ECF No. 22) and, there being no opposition by the defense, a Second Amended Complaint was filed on October 7, 2009 (1-7-853, ECF No. 24.)

Plaintiff filed a notice of address change on November 16, 2009. (1-7-853, ECF No. 26.) On August 9, 2010, he filed a request for case update, appointment of counsel, and judicial notice. (1-7-853, ECF No. 32.)

After a motion to dismiss was filed, he filed objections to it on January 13, 2011 (1-7-853, ECF No.36) and, after the motion was granted (1-7-853, ECF No. 38) and judgment entered against him (1-7-853, ECF No. 39), he sought Article III Judge review (1-7-853, ECF No. 40) on June 1, 2011, and then filed a notice of appeal to the 9th Circuit Court of Appeals on July 12, 2011 (1-7-853, ECF No. 43). The appeal was denied September 24, 2012.

Though it does not measurably affect the analysis or outcome of this case, it cannot be ignored that the pleadings in the First Flores Case, 1-7-853, indicate that it is a 42 U.S.C Section 1983 claim, against the same four Defendants who have appeared in this case, for assault and sexual batteries on August 31, 2004, and January 9, 2005, and for subsequent retaliation for seeking redress for those attacks. (1-7-853, ECF Nos. 1 and 24.)[4] In other words it appears Plaintiff not only was capable of timely pursuit of the claims he makes here, he actually did pursue them in this very court.

[4] No party has raised an issue as to the possible collateral estoppel or res judicata effect on this case of the judgment adverse to this Plaintiff in the First Flores Case. Because this case is being dismissed on statute of limitations grounds, the Court will not address whether such doctrines might apply.

**C. Analysis and Conclusion**

The only issue remaining for analysis on this motion to dismiss on grounds that the statute of limitations was not met is that of whether Plaintiff lacked legal capacity to make decisions when his cause of action accrued. Cal. Code Civ. Proc. § 352(a). The only possible circumstances relating to this issue are those perhaps hinted at by the Complaint's allusion to a deteriorated mental state and Plaintiff's counsel's argument and representation that records not before the Court reflect that Plaintiff suffered from a mental illness and was unable to transact business or understand his rights. Tzolov, 283 Cal. Rptr. at 315. So the question is whether the pleadings reflect, or on reasonable amendment might reflect, that plaintiff suffered from a condition that left him unable to bring suit or secure assistance in bringing suit. The facts from the docket in the First Flores Case reflect that throughout the period at issue here Plaintiff was able to pursue, or at least find someone to assist him in pursuing, (ultimately to judgment) an action in this Court virtually identical to the present action. During the period from August 31, 2004, when the first alleged assault occurred, until August 31, 2008, when the statute of limitations on that assault expired, Plaintiff initiated litigation arising out of it in the Federal District Court, he sought IFP status from the Court, he consented to Magistrate Judge jurisdiction, and he filed a First Amended Complaint. He did all of that after his causes of action on the January 9, 2005 and the February 25, 2006, assault accrued. In addition, before the statute expired on the February 25, 2006 assault, he continued to litigate the First Flores case and cause summons to be issued and served, moved to appoint an attorney, moved to amend again, filed a second amended complaint, and filed a change of address form.

Given this clear and indisputable record of litigation actions taken by Plaintiff or for his benefit in the virtually identical First Flores Case it would be impossible to find he was simultaneously incompetent to take such actions in this case. The record from the first Flores Case having ruled out the only grounds remotely capable of tolling the statute of limitations on the claims in the present case, the Court finds that the statute

expired no later than February 25, 2010. Since this case was not initiated until April 21, 2014, it is time barred. Defendant's motion to dismiss will be granted.

## VI. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 23) is GRANTED;
2. Defendants' motion to dismiss (ECF No. 18) is GRANTED; and
3. The Clerk's Office shall terminate any and all pending motions and close this case.

IT IS SO ORDERED.

Dated: January 19, 2015

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE