UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES, <br><br> Plaintiff, <br><br> v. <br><br> S. FLORES, et al., <br><br> Defendants | CASE NO. 1:14-cv-00577-MJS (PC) <br><br> ORDER STRIKING MOTION FOR RECONSIDERATION <br><br> (ECF No. 27) |

## I.  PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  Plaintiff is represented by counsel.  (ECF No. 13.)  The parties consented to Magistrate Judge jurisdiction.  (ECF Nos. 7 & 17.)

Plaintiff's Complaint was dismissed for failure to state a claim.  The Court found that Plaintiff's action was untimely, and on January 20, 2015 the case was dismissed without leave to amend.  (ECF No. 25.)

Before the Court is Plaintiff's February 19, 2015 Motion for Reconsideration (ECF No. 27.).  Plaintiff filed the motion *pro se*.  Defendants filed an opposition.  (ECF No. 28.)  Plaintiff filed additional records in support of his motion but no reply.  (ECF No. 29.)  The matter is deemed submitted.  Local Rule 230(*l*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect." In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

## III. ANALYSIS

Plaintiff seeks reconsideration of this Court's order dismissing his case on statute of limitations grounds. Plaintiff submits numerous medical records to support his position that the statute of limitations period should be tolled due to his mental illness and/or incapacity.

Defendants contend that Plaintiff has not cited any new authority that would warrant reconsideration of this Court's order.

Plaintiff is represented by counsel in this action. (ECF No. 13.) Unless and until Plaintiff's counsel files a motion to withdrawal, Plaintiff may not file motions on his own behalf. Plaintiff's motion is improper and will therefore be STRICKEN.

Even if properly filed, Plaintiff has not presented a basis for reconsideration. The Court noted in its ruling granting Defendant's motion to dismiss that even if Plaintiff had

2

submitted the necessary medical records to support his argument at the time, it would not change the Court's ruling.

### IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 27) is HEREBY STRICKEN.

IT IS SO ORDERED.

Dated: April 21, 2015         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

3