UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. FLORES, et al.,<br><br>　　　　Defendants | CASE NO. 1:14-cv-00577-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION OF ATTORNEY AND DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 31)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR STATUS<br><br>(ECF No. 33.) |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiff is represented by counsel. (ECF No. 13.) The parties consented to Magistrate Judge jurisdiction. (ECF Nos. 7 & 17.)

Plaintiff's Complaint was dismissed for failure to state a claim based on statute of limitations grounds. The Court found that Plaintiff's action was untimely, and on January 20, 2015 the case was dismissed without leave to amend. (ECF No. 25.)

On February 19, 2015, Plaintiff filed a Motion for Reconsideration (ECF No. 27.). The Court struck the motion because Plaintiff filed the motion *pro se* despite having

counsel. (ECF No. 30.)

Plaintiff now files a motion for substitution of attorney along with a new motion for reconsideration. (ECF No. 31.) Defendants opposed the motion. (ECF No. 32.) On September 30, 2015, Plaintiff filed a motion for status on his motion for reconsideration. (ECF No. 33.) These matters are deemed submitted. Local Rule 230(*l*).

## II.     MOTION FOR SUBSTITUTION OF ATTORNEY

Plaintiff filed a motion to substitute himself for his attorney of record, Mark William Kelsey. The motion is signed by both Mr. Kelsey and Plaintiff. (ECF No. 31 at 87.) However, Plaintiff is not an attorney. Therefore, the motion is more appropriately construed as a motion for withdrawal.

Local Rule 182(d) provides that an attorney may withdraw "leaving the client in propria persona" by filing a motion and notice to the client and all other parties. The attorney must also submit "an affidavit stating the current or last known address . . . of the client and the efforts made to notify the client of the motion to withdraw." The Rules of Professional Conduct of the State Bar of California allow an attorney to withdraw from a case when "[t]he client knowingly and freely assents to termination of the employment." Rules of Prof'l Conduct R. 3-700(C)(5) (CA 2015).

It appears from Plaintiff's motion that he wishes to proceed *pro se* and agrees to the termination of his counsel. Plaintiff's whereabouts and awareness of the motion are known; he filed the motion. Mr. Kelsey consented to the withdrawal by signing Plaintiff's motion. Defendants did not contest the issue of the withdrawal of Mr. Kelsey in their response to Plaintiff's motion. Therefore, the Court will GRANT Plaintiff's motion.

## III.    MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect." In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

### A. Parties' Arguments

Plaintiff seeks reconsideration of this Court's Order dismissing his case on statute of limitations grounds. Plaintiff argues that this case and his previous case *Flores v. Sumaya*, No.1:07-cv-853-GSA (E.D. Cal.), were litigated by a next friend because Plaintiff lacked the mental capacity to file suit. Plaintiff is a Mexican national and does not have the language, legal, or mental capacity to litigate his cases. Plaintiff submits voluminous medical records to support his position that the statute of limitations period should be tolled due to his mental illness and incapacity.

Defendants contend that Plaintiff has not cited any new evidence, law, or argument that would warrant reconsideration of this Court's Order.

### B. Analysis

Plaintiff has not presented a basis for reconsideration. The Court noted in its ruling granting Defendant's motion to dismiss that even if Plaintiff had submitted the necessary medical records to support his argument at the time, it would not have changed the Court's ruling. The Court also considered the fact that Plaintiff may have had someone assist him in litigating his previous case. Plaintiff's motion is DENIED.

### IV. MOTION FOR STATUS

Plaintiff filed a motion requesting a status on his motion for reconsideration. To the extent that this Order rules on Plaintiff's motion for reconsideration, his motion for status is GRANTED.

### V. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for substitution of attorney is GRANTED. Mr. Kelsey is allowed to withdraw and Plaintiff shall proceed *pro se*. (ECF No. 31.);
2. Plaintiff's motion for reconsideration is DENIED (ECF No. 31.); and
3. Plaintiff's motion for status is GRANTED (ECF No. 33.).

IT IS SO ORDERED.

Dated:   November 30, 2015         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4